# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| CALABASAS LUXURY MOTORCARS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS LLC, *et al.*, <br><br> Defendants. | CV 22-06622 TJH (PDx) <br><br><br> Order <br> [18] [21] [JS-6] |

  The Court has considered the motion of Defendant General Motors LLC ["GM LLC"] to dismiss and to strike the class allegations [dkt. # 21], the motion of Defendant AmeriCredit Financial Services, Inc. dba GM Financial ["AmeriCredit"] to dismiss [dkt. # 18], and AmeriCredit's joinder in GM LLC's motion to strike, together with the moving and opposing papers.

  On December 10, 2021, Calabasas Luxury Motorcars, Inc. ["Calabasas"] filed its first lawsuit against GM LLC and AmeriCredit. *Calabasas Luxury Motorcars, Inc. v. Gen. Motors LLC, et al.*, Case No. CV 22-06622 TJH (PDx). That first lawsuit alleged an antitrust claim under the Cartwright Act, Cal. Bus. and Prof. Code § 16700, *et seq.* ["Cartwright Act"], and a claim under California's Unfair Competition Law, Cal. Bus.

and Prof. Code § 17200, *et seq.* ["UCL"]. On August 25, 2022, the Court dismissed that first lawsuit, without prejudice. *Calabasas Luxury Motorcars, Inc. v. Gen. Motors LLC*, No. CV 21-9566 TJH (PDx), 2022 WL 17348983, at *3 (C.D. Cal. Aug. 25, 2022).

On September 15, 2022, Calabasas filed the instant lawsuit, alleging a single UCL claim.

GM LLC and AmeriCredit, now, move to dismiss for failure to state a claim and to strike the class allegations.

Only equitable remedies – equitable restitution and injunctive relief – are available for UCL claims. *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 452 (2005). The Court can entertain claims for equitable remedies only if it has equitable jurisdiction. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022). Equitable jurisdiction exists only when a plaintiff lacks an adequate legal remedy, *Guzman*, 49 F.4th at 1313, and affirmatively pleads that it lacks an adequate legal remedy, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

Here, Calabasas seeks injunctive relief. It alleged that it lacked an adequate legal remedy because GM LLC's and AmeriCredit's allegedly anticompetitive behavior will continue unless they are enjoined. However, that allegation merely explained why Calabasas wants an injunction. As numerous District Courts have held, when a plaintiff seeks an equitable remedy, it must establish, in its complaint, that no legal remedy, such as money damages, would make it whole. *See*, *e.g.*, *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021). Here, Calabasas made no such allegation. Moreover, in its opposition brief, Calabasas did not even attempt to argue that it lacked an adequate legal remedy, even though both GM LLC and AmeriCredit raised the issue in their moving briefs.

Consequently, the Court lacks equitable jurisdiction over Calabasas's UCL claim.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that this case be, and hereby is, 𝕯𝖎𝖘𝖒𝖎𝖘𝖘𝖊𝖉 for lack of equitable jurisdiction.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to strike the class allegations be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉 as moot.

April 10, 2023

Terry J. Hatter, Jr.
Senior United States District Judge